

March 11, 2025

**BY ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *McCloud, Jr. v. City of New York, et al.*, 23 CV 8341 (NRM) (CLP)

Your Honor:

    I represent plaintiff in the above-referenced action. I write to respectfully request an order compelling defendants to produce outstanding discovery by a date certain.

    As the Court may recall, this is an egregious wrongful conviction where our innocent client was incarcerated nearly three decades under dreadful circumstances until a multi-year investigation by the Queens District Attorney resulted in his total exoneration in August 2023.

    Plaintiff served discovery requests on defendant City at the initial conference on February 15, 2024. The City ultimately responded on April 5, 2024, producing no documents and little substantive information. *See* City's discovery responses, annexed hereto as Exhibit 1. Plaintiff's counsel raised the deficient responses at a status conference and the Court instructed counsel to confer and set a deadline of June 6, 2024 for plaintiff to file a discovery motion. *See* Minute Entry dated May 28, 2024. That conferral took place over the course of approximately two hours and was memorialized in an e-mail from the undersigned, which also identified specific responses by the City that required substantive supplementation. *See* E-mail, annexed hereto as Exhibit 2. The City never supplemented its responses, but, citing defense counsel's personal circumstances, obtained plaintiff's consent to a series of applications to extend plaintiff's discovery motion filing deadline. *See* DE #37 and order dated June 6, 2024; DE #38[1] and order dated June 24, 2024; DE #40 and order dated July 19, 2024; DE #41 and order dated September 11, 2024; DE #44 and order dated October 21, 2024; DE #47 and order dated November 25, 2024.

---

[1] Plaintiff's letter at DE #38 (dated June 21, 2024) sets forth specific categories of outstanding discovery that had also been the subject of conferral, including personnel and disciplinary files, documents related to lead detective Carlos Gonzalez's travel to Japan and history of obtaining false confessions, command logs, roll calls and photographs.

Hon. Cheryl L. Pollak
March 11, 2025

Once the individual defendants were joined, plaintiff also served discovery demands on each of them on May 21, 2024. As of this writing, none of the individual defendants have responded to these demands or obtained plaintiff's consent or leave of Court to extend the response deadline. Plaintiff also served requests for admission on January 10, 2025, to which defendants have also failed to respond.[2]

The parties appeared for a conference on December 9, 2024 and plaintiff's counsel again raised the issue of the overdue discovery. The Court ordered defendants to submit a report on the status of their production by December 31, 2024. The parties conferred again by telephone on December 19, 2024 and it was plaintiff's counsel's understanding that the parties had agreed that defendants would provide the outstanding discovery, along with deposition dates for the individual defendants, well in advance of a contemplated March 2025 settlement conference. Under this plan, the parties would move directly to depositions if the settlement conference was unsuccessful. Instead, in the letter defendants ultimately filed at DE #50 they vaguely indicated that defense counsel had received "voluminous employment records of the individual defendants" and that defense counsel anticipated making a further production "within thirty days." As of this writing, no production has been received.

In sum, defendants produced 78 pages of police paperwork with their initial disclosures on February 29, 2024; 46 pages of redacted disciplinary summaries on July 17, 2024; and 3 pages of blueprints and 30 pages of the wrong command log on July 18, 2024. Aside from these 157 pages, many of which are irrelevant, blank or duplicates, we have not received any substantive disclosures from the defendants.

In light of the foregoing, plaintiff respectfully requests an order setting a date-certain deadline for the production of: 1) supplemental discovery responses from the City curing the deficiencies outlined in Exhibit 2; 2) the items outlined in DE #38; 3) discovery responses from the individual defendants without objections; 4) responses to plaintiff's requests for admission; 5) a privilege/redaction log; 6) affirmation(s) for any unavailable records; and 7) available deposition dates beginning in April 2025 for the individual defendants and the Fed. R. Civ. P. 30(b)(6) witness(es).

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.
cc:     Defense Counsel

---

[2] Based upon defense counsel's continuing personal hardships, plaintiff's counsel consented to a series of extensions of defendants' responses to plaintiff's requests for admission through March 7, 2025. On that date, defendants sought a further extension from the Court by letter at DE #54. As indicated and for the reasons provided in this letter, plaintiff respectfully opposes that request.

ELEFTERAKIS, ELEFTERAKIS & PANEK
eeplaw.com   80 Pine Street, 38th Floor, New York, NY 10005   T: 212-532-1116   F: 212 532-1176