UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

ARMOND McCLOUD, JR.,

                               Plaintiff,

                 -against-

THE CITY OF NEW YORK, et al.,

                              Defendants.

------------------------------------------------------------------------ X

**DECLARATION**

23-CV-8341 (NRM) (PCG)

        **AMY ROBINSON**, an attorney duly admitted to practice in the Courts of New York, declares under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

        1.      I am the Director of the Police Action Litigation Section of the New York City Police Department ("NYPD") Legal Bureau.  As such; I am familiar with the information contained herein.  I submit this declaration at the request of the New York City Law Department.

        2.      I make this declaration based upon statements made to me and documents provided to me by members of the NYPD Civil Litigation Unit ("CLU") which had searches performed by NYPD personnel for documents requested by the Law Department following a recent Court order in this matter.

        3.      In this regard, the following is a list of documents provided to the Law Department following the order:

                   a.      Internal Affairs Bureau Resumes for all defendant officers,

                   b.      Central Personnel Index Reports for all defendant officers,

    c.    Status of items vouchered by Queens Property Clerk, number F528801,

    d.    Documents pertaining to how various units in NYPD are notified of a homicide, how District Attorneys are notified of a homicide and how a criminal file is closed, and

    e.    Command Logs for the NYPD 110th Precinct for the requested dates in August 1994.

4.    The following is a list of documents for which searches were conducted that yielded negative results:

    a.    Defendant Bove's personnel file—file is stored in a facility which experienced severe damage during Hurricane Sandy. NYPD is in the process of compiling an inventory of salvaged records to determine if the file exists,

    b.    Defendant Wray's personnel file—destroyed during Hurricane Sandy,

    c.    Memobooks for any officer or detective that are not contained in the case file,

    d.    Roll calls for the NYPD 110th Precinct, the 110th Precinct Detectives' Squad, and Queens Homicide Squad from August 1994, and

    e.    Prisoner logs from the NYPD 110th Precinct from August 1994,

5.    The following is a list of documents for which CLU has made requests for searches the results of which are currently still pending:

    a.    Defendant Garner's personnel file,

    b.    Official photographs of the individual officer defendants. Academy photographs of the officer defendants were requested but yielded negative results. The defendant officers' official photographs are pending,

    c.    The file pertaining to the 1994 robbery and assault of David Kurtz, file number 816/94,

    d.    Document(s) pertaining to Detective Gonzalez's trip to Japan following plaintiff's conviction,

e.    Documents pertaining to requested Internal Affairs Bureau Logs for defendant officers Gonzalez and Wray,

f.    Command Logs, sign-in/sign-out sheets ("blotters" and/or "movement logs") and pen rosters from August 1994 for NYPD 110th Precinct Detective Squad,

g.    Criminal Investigation Course training materials in effect in 1994, and

h.    Officer Garner's personnel file.

6.    Additionally, the Law Department has requested NYPD compile a list of cases in which defendant Detective Gonzalez was involved in obtaining a confession. Detective Gonzalez served the NYPD during the years 1981 to 1999. During that period of 18 years, which took place from 45 to 19 years ago, Detective Gonzalez was assigned to 10 different commands. Compiling a list of these cases would require the NYPD to conduct searches of all 10 commands and all of the off-site facilities where his case files may or may not be archived. Assuming arguendo that NYPD had the manpower and resources to conduct such searches, it would then be necessary to review each case file to attempt to determine the cases in which Detective Gonzalez was involved in obtaining a confession. Such a massive undertaking would likely require hundreds of hours of personnel time and many months to achieve.

7.    NYPD is continuing to work with the Law Department to formulate search requests for further ordered documents pertaining to this case and is trying to determine if ordered documents are realistically possible to locate.  However, due to the sheer volume of requests, the complexity of the requests, and the timeframe of the requests dating back decades ago, where documents are not available electronically but are located in warehouses or on microfiche, and due to limited personnel resources, some searches are yet to be undertaken.

Dated: New York, New York
       January 23, 2026

Amy Robinson