

January 28, 2026

**BY ECF**
Honorable Peggy Cross-Goldenberg
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *McCloud, Jr. v. City of New York, et al.*, 23 CV 8341 (NRM) (PCG)

Your Honor:

    I represent plaintiff in the above-referenced wrongful conviction. I write pursuant to Fed. R. Civ. P. 37(b)(2)(A) to respectfully request relief for defendants' failure to comply with the December 29, 2025 discovery order (Dkt. 72) (the "discovery order").

    If it should please the Court, the discovery order is the culmination of more than eighteen months of diligent efforts by plaintiff's counsel to obtain basic discovery from defendants in this important matter. *See McCloud v. City of New York*, 23 CV 8341 (NRM) (CLP), 2025 WL 3759532, *1 (E.D.N.Y. Dec. 29, 2025).

    The discovery order granted plaintiff's motion to compel (Dkt. 65) in substantial part, broadly overruled defendants' objections and ordered defendants to search for and produce several categories of responsive documents, along with privilege logs, certifications and supplemental responses, imposing a January 23, 2026 compliance deadline. *See id.* at *2-8. Defendants never sought relief from the discovery order and, despite ongoing depositions of the individual defendants when the discovery order was issued, never produced the underlying disciplinary records, supplemental responses, certifications or other documents subject to the order.

    Instead, on the late evening of the January 23rd deadline defendants filed a 12-page declaration from defense counsel and a 4-page declaration from NYPD that fail to provide the required information and attempt to obscure defendants' noncompliance, to cast blame on plaintiff and to relitigate disputes resolved by the discovery order. At the same time, defendants sent plaintiff a link to an unlabeled 285-page document production consisting of patrol guide sections, some of plaintiff's jail records, a portion of the 110th Precinct command log (but not the more important squad blotters) and reproductions of DD5s and other previously-exchanged records, along with noncompliant declarations from the individual defendants that do not indicate any searches have been conducted. *See id.* at *3-8 (ordering the individual and municipal defendants to certify that diligent searches for specific records have occurred). The attorney declarations similarly reveal that searches required by the discovery order "are yet to be undertaken." (Dkt. 73-1 at ¶ 7).

Hon. Peggy Cross-Goldenberg
Jan. 28, 2026

Specifically, the following categories of documents that defendants were ordered to search for and produce (all of which were requested by plaintiff in demands served at the February 2024 initial conference) have not been produced, and defendants have not provided the Court-ordered certifications regarding the searches:

1. CCRB and IAB records for plaintiff's complaint in this case (*McCloud*, 2025 WL 3759532 at *2-4).
2. Documents related to Gonzalez's travel to Japan with the victim's father, which Gonzalez testified was approved through NYPD channels (*id.* at *6).
3. Disciplinary files for similar, false statement or credibility allegations going back ten years (*id.* at *5).[1]
4. Greco's CCRB history (*id.*).[2]
5. Prosecutorial misconduct records (*id.* at *3).
6. Detective squad logbooks (also known as blotters) showing prisoner and officer movement within the 110th Precinct Detective Squad on August 8-9, 1994 (*id.* at *6).
7. David Kurtz file (*id.* at *6) (responsive to demand with waived objections).
8. Supplemental responses defendants agreed to provide (*id.* at *6-7(H)).
9. Compliant certifications (*id.* at *3-4, *7-8).[3]
10. Supplemental responses without objections where waived. (*id.* at *6).
11. Privilege and redaction log(s). (*id.* at *2-5).[4]

Additionally, ¶¶ 11 and 41-42 of counsel's declaration are improper, as defendants have failed to confer with plaintiff's counsel regarding any deposition- or protective order-related disputes as required by Fed. R. Civ. P. 37(a)(1) and Rule III.A.2 of the

---

[1] Mr. McCloud was incarcerated for the Sunada homicide from 1994 until the Queens District Attorney exonerated him in 2023 and found that his confession was coerced as part of a pattern of misconduct; thus, the relevant period for production of disciplinary records is 1984-2023.

[2] In accordance with the discovery order (at *4), plaintiff arranged to confer with defense counsel regarding his Request 49 (which the Court determined was overbroad) and volunteered to withdraw seven subsections of the request in early January. As of this writing, no supplemental response, responsive documents or privilege log has been produced.

[3] Contrary to defense counsel's representation at ¶ 40 of Dkt. 73 and the discovery order, the verifications provided by the individual defendants, made on information and belief, do not reflect that any of the searches required by the discovery order were conducted. *See* Verifications, annexed hereto as Exhibit 1; *McCloud*, 2025 WL 3759532 at *3-4, *7-8 ("As set forth above, defendants are Ordered to confirm by way of a Declaration, no later than **January 23, 2026**, that they have conducted a search for responsive documents Ordered by the Court to be produced, and have either produced them or been unable to find any responsive documents.") (emphasis in original).

[4] While defendants now claim they are not asserting privilege, they have not supplemented their responses to remove the prior assertions (or provide the substantive information), even as to the many requests where the Court deemed defendants' objections waived. *See McCloud*, 2025 WL 3759532 at *6 (deeming objections waived as to plaintiff's request nos. 1, 2-5, 7-10, 12-19, 21-22, 23-48(a-r), 49-58, 60-61).

Hon. Peggy Cross-Goldenberg
Jan. 28, 2026

Court's Individual Practices. For this reason, plaintiff respectfully declines to respond to the allegations made by defense counsel.

Rule 37(b)(2)(A) authorizes the Court, in its discretion, to issue "just orders" where, as here, a party has failed to comply with a discovery order. Instead of or in addition to granting substantive relief, the Court is empowered to award costs to the aggrieved party. *See Martinez v. City of New York*, 16 CV 79 (AMD) (CLP), 2018 WL 604019, *19–20 (E.D.N.Y. Jan. 24, 2018) (collecting cases).

Under the circumstances presented here, plaintiff respectfully submits that the appropriate remedy is for the Court to award plaintiff reasonable costs for the time spent litigating these disputes and, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii), limiting the period during which defendants may take depositions. Because while plaintiff has spent the last two years attempting to obtain discovery and deposing all individual defendants (without relevant documents), defendants have not taken any depositions, nor have they taken any tangible steps in that direction. *See* Dkt. 65 at 1-2 (setting forth procedural history). Plaintiff submits that to allow defendants to begin their discovery-seeking process at this late stage would allow them to unfairly "benefit from [their] own failure to comply." *Martinez*, 2018 WL 604019 at *19 (internal quotation marks and citations omitted) (collecting cases).

Accordingly, plaintiff respectfully requests such relief under Rule 37(b)(2)(A) as the Court deems appropriate.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc:   Defense Counsel

ELEFTERAKIS, ELEFTERAKIS & PANEK
eeplaw.com  80 Pine Street, 38th Floor, New York, NY 10005  T: 212-532-1116  F: 212 532-1176