STEVEN BANKS
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

JOHN CARNEVALE
*Assistant Corporation Counsel*
Tel.: (212) 356-2415
jcarneval@law.nyc.gov

October 23, 2026

**VIA ECF**
Honorable Peggy Cross-Goldenberg
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *McCloud v. City of New York, et al.*
23-cv-8341 (NRM) (PCG)

Your Honor:

I represent the defendants in the above matter. For the reasons set forth herein, defendants respectfully request, pursuant to Local Civil Rule 6.3, reconsideration of that portion of Your Honor's October 21, 2026 Minute Order (the "Order"), which limits defendants' deposition of plaintiff to subjects not covered in his prior testimony at his General Municipal Law § 50-h hearing ("§ 50-h hearing") and in his Court of Claims action, and which requires defendants to identify their examination topics for plaintiff's counsel in advance of plaintiff's deposition.

***Relevant Background***

At the October 21, 2026 conference, Your Honor, *inter alia*, extended the parties' time to complete fact discovery to December 7, 2026. In connection with the request for additional time, defendants indicated that they still needed to take plaintiff's deposition. In response, plaintiff objected to defendants' ability to depose plaintiff for seven hours, citing the fact that plaintiff previously testified at a § 50-h hearing in connection with the filing of his notice of claim, as well as in connection with his pending Court of Claims action. Your Honor ruled that defendants may depose plaintiff, but may not question plaintiff on topics he was questioned on in those prior proceedings. The Order additionally directs defendants to review the transcripts of plaintiff's 50-h hearing and state court deposition and to provide plaintiff's counsel with the topics not covered in that testimony on which defendants wish to question plaintiff.

Defendants respectfully submit that the Court did not have the benefit of the authority and circumstances set forth below, which bear directly on that ruling. Plaintiff raised his objection for the first time at the conference, without notice, briefing, or citation to any authority, and the Court therefore did not have before it the transcripts of plaintiff's deposition testimony, the history of the parties' efforts to schedule plaintiff's deposition, or the standards governing the scope of a party's deposition under Rules 26 and 30. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.

1995) (reconsideration warranted where movant points to "controlling decisions or data that the court overlooked").

As the Court is aware, plaintiff alleges that he was incarcerated for 29 years as a result of the defendants coercive interrogation tactics and suppression of evidence. Indeed, according to plaintiff's seventy-seven-page Second Amended Complaint ("SAC"), *see* ECF ¶ 42, in addition to the damages he claims for his loss of liberty, plaintiff also claims that he has suffered extensive mental, emotional, and physical injuries following his arrest at issue. By way of example, plaintiff maintains that he was (1) suicidal for decades; (2) slashed in the face by an inmate; (3) sexually assaulted while incarcerated; (4) stabbed while at Great Meadow Correctional Facility; (5) spent extensive time in solitary confinement; (6) received inadequate medical care; and (7) suffered a loss of family relationships. *Id.* ¶¶ 149-166.

***The Court's Order Limiting Defendants' F.R.C.P. 30 Deposition Should Be Reconsidered***

Rule 30(d)(1) provides that, unless otherwise stipulated or ordered, a deposition is limited to one day of seven hours, and that the Court "must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent." Fed. R. Civ. P. 30(d)(1). Defendants do not seek more than seven hours; they merely ask that the seven hours the Rule already provides not be narrowed or limited in any way. Confining the examination to topics not reached at the § 50-h hearing or in the Court of Claims action limits the deposition before defendants have even begun their questioning. Nor does Rule 26(b)(2)(C) call for such a limitation. That Rule directs the Court to limit discovery that is "unreasonably cumulative or duplicative," or where the party seeking it "has had ample opportunity to obtain the information by discovery *in the action*." Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii) (emphasis added). Neither prior proceeding constituted discovery in this action, and none of the individual defendants had any opportunity to question plaintiff in either prior proceeding. Defendants cannot fairly examine plaintiff if they are limited to whatever topics other questioners, with different objectives and in proceedings against different parties, did not reach.

Plaintiff's argument that defendants' Rule 30 deposition should be limited because plaintiff has given previous testimony to the Comptroller's Office and in connection with the Court of Claims is misplaced. First, the focus of a 50-h hearing is entirely different from that of a Rule 30 deposition. A 50-h hearing is conducted with an eye towards settlement or adjustment, while a Rule 30 deposition is taken with a focus on litigation (or trial) and from an adversarial perspective. Second, the 50-h examination is conducted on behalf of the Comptroller's Office in connection with the notice of claim. The Law Department, which defends this action, plays no role in preparing for, reviewing, or conducting that examination, and the individual defendants play no role at all. Indeed, courts have recognized that "a § 50-h hearing is not a basis for precluding or limiting a deposition in a subsequent civil action." *Rodriguez v. City of New York*, 03 Civ. 0138 (LAK), 2003 U.S. Dist. LEXIS 14516, at *1 (S.D.N.Y. Aug. 22, 2003). The two proceedings serve different ends. *See Bowling v. Nolette*, No. 18 CV 0597, 2021 U.S. Dist. LEXIS 171790, 2021 WL 4134733, at *7 (N.D.N.Y. Sept. 10, 2021) (noting that 50-h hearings cannot be used as substitutes for testimony because, unlike depositions, these examinations do not involve a "similar motive" on the part of the questioning party).

Similarly, the fact that plaintiff previously gave testimony to the State in connection with his action in the Court of Claims should not limit defendants' ability to question plaintiff in this federal action. As the Court is aware, this action *does not* include the State, and, similarly, the Court of Claims action does not include the City of New York or any of the individual defendant officers. Defendants have reviewed the transcript of plaintiff's August 21, 2024 deposition in that action ("CoC Tr."), as the Court directed, and it confirms the point. Only plaintiff's counsel in this action and an Assistant Attorney General appeared; no one appeared for the City or for any individual defendant. CoC Tr. 1:11, 2:2-13. The State's examination tracked the elements of plaintiff's claim under Court of Claims Act § 8-b, which required him to prove, among other things, that he "did not by his own conduct cause or bring about his conviction." N.Y. Ct. Cl. Act § 8-b(5)(d). None of those elements required plaintiff to establish which officer did what, or with what state of mind, and the State did not question plaintiff as to each individual defendant's alleged misconduct. In this action, by contrast, plaintiff must prove personal involvement on the part of each and every individually named defendant. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).

In addition, and perhaps most significantly, the individually named defendants have the right to defend against plaintiff's request for punitive damages. This issue is not present in the Court of Claims because they are not parties to that action, nor was the Comptroller's Office concerned with punitive damages when determining whether to adjust or settle the claim that was filed. The limitation therefore prejudices not only the City but each of the individual defendants as well.[1]

Nor did either prior examination exhaust any subject it touched. The State, for example, asked at least some questions about each of the core liability issues in this case, including plaintiff's whereabouts on the night of the shooting, his time at the precinct, the alleged threats, and the writing of his statement. Under the Order, each of those subjects would be closed to defendants, however limited the prior questioning and whatever its purpose, leaving defendants little if anything to ask plaintiff about liability. A subject another examiner raised for a different purpose has not been exhausted, and defendants must be able to pursue it, including by asking similar questions in different ways. The same is true of damages. The Assistant Attorney General acknowledged on the record that she was asking about plaintiff's 29 years of incarceration only "very broadly," and that going through them could take another three hours. CoC Tr. 259:7-11. The transcript also contains no testimony about the sexual assault the SAC alleges, and, because the deposition was taken more than two years ago, it says nothing about plaintiff's claimed injuries, treatment, or employment since then.

***Defendants are Entitled to Notice and an Opportunity to Fully Brief the Issues Raised***

The limitation was also imposed without the process that would ordinarily precede it. Plaintiff raised his objection to the scope of his deposition for the first time at the conference with Your Honor on October 21, 2026. At no time prior did plaintiff's counsel ever meet and confer with defendants or even seek to meet and confer on the issues that he raised at the conference regarding the deposition. Nor did plaintiff's counsel submit any legal authority, to the extent any

[1] Upon information and belief, at no time was counsel for defendants invited to attend or participate in the State's questioning of plaintiff in the related Court of Claims action.

even exists, for this extreme request. Indeed, an objection seeking to limit the scope of a deposition is, in substance, a request for a protective order, which must be made by motion accompanied by a certification of good-faith conferral and may be granted only for good cause. Fed. R. Civ. P. 26(c)(1).

Alternatively, to the extent the limitation was intended as a sanction for the timing of plaintiff's deposition, defendants were entitled to notice and an opportunity to be heard before it was imposed. *See Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) ("Due process requires that courts provide notice and opportunity to be heard before imposing any kind of sanctions."). Nor would the relevant considerations support a sanction here. *See Agiwal v. Mid Island Mortg. Corp.,* 555 F.3d 298, 302 (2d Cir. 2009) (considering, among other things, the reasons for noncompliance and whether the party had been warned of the consequences). Defendants did not violate any order setting a date for plaintiff's deposition and, in fact, sought additional time to depose plaintiff before discovery closed. Given the significance of barring defendants from examining plaintiff on the central issues in this case, defendants respectfully submit that, at a minimum, the issue should have been fully briefed.

The record also does not demonstrate that defendants were responsible for any delay in conducting plaintiff's deposition. At the April 22, 2026 conference, defendants explained that they had been occupied responding to plaintiff's discovery and still needed to take depositions, and the Court indicated that it would not close discovery simply because plaintiff had completed his depositions while defendants' remained outstanding. *See* ECF No. 80 at 59:13-60:2. Thereafter, on August 4, 2026, defendants requested that plaintiff provide dates between August 24 and September 8 for his deposition. Plaintiff's counsel advised that he had scheduling conflicts during that period and proposed the weeks of September 14, 2026 or September 21, 2026. Defendants did not receive the outstanding DOCCS production, which bears directly on plaintiff's claimed damages, until September 25, 2026, the last day of the later week plaintiff's counsel had proposed. Plaintiff's counsel then advised that he had trial commitments beginning October 5, 2026 and expected the trial to conclude by October 16, 2026. Defendants have accommodated plaintiff's counsel's schedule throughout, and they respectfully submit that scheduling constraints on both sides should not cost them the substance of their only examination of plaintiff.[2]

The requirement that defendants identify their examination topics in advance compounds the prejudice. A notice of an individual's deposition need state only its time and place and the deponent's name and address. There is nothing in the language of F.R.C.P. 30, except as it pertains to examinations conducted pursuant to F.R.C.P. 30(b)(6), which this, of course, is not, that requires a party to preview its anticipated topics of questioning.

It is also significant to note that, thus far in this litigation alone, plaintiff has deposed **<u>thirteen</u>** witnesses for a total of more than **<u>forty</u>** hours. At no time did defendants seek, nor the

---

[2] At the conference, plaintiff's counsel also suggested that defendants acted improperly in seeking to schedule the deposition of non-party Daidralyn English ("Ms. English"). That is not accurate. Defendants' counsel left Ms. English a voicemail regarding her deposition on August 4, 2026; her counsel emailed defendants on August 5, 2026; and the scheduling correspondence followed. Defendants can provide that correspondence should the Court wish to review it. Defendants were prepared to depose Ms. English on September 15, 2026 before the close of discovery; the afternoon before, Ms. English's lawyer cancelled the deposition..

Court impose, any limitation on the subjects plaintiff could cover with those witnesses, whether or not those subjects had been addressed in prior testimony.[3] Defendants ask only for the same opportunity Rule 30 affords every party: one full, seven-hour examination of the plaintiff whose claims they must defend at trial.

Accordingly, defendants respectfully request that the Court modify the Order to permit defendants to examine plaintiff on all relevant subjects within the seven hours Rule 30(d)(1) provides, without advance identification of topics or, alternatively, with topics identified by general subject matter. Defendants will not unnecessarily duplicate prior questioning, but they cannot be expected to measure every follow-up question against two prior transcripts in the middle of a deposition. Defendants thank the Court for its consideration of this request.

Respectfully submitted,

/s/ JCarnevale
John Carnevale
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: Gabriel Harvis, Esq. (via ECF)

[3] Defendants Gonzalez, Herbert, and Wray previously testified in the underlying criminal proceedings against plaintiff.